UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HESAI TECHNOLOGY CO., LTD, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, *et al.*<br><br>*Defendants*. | Civ. Action No. 1:24-cv-01381-PLF |

# PLAINTIFFS' MOTION TO COMPLETE OR, IN THE ALTERNATIVE, SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiffs Hesai Technology Co., Ltd. and Hesai Inc. hereby move to complete or, in the alternative, supplement the administrative record. In support of this motion, Plaintiffs submit the accompanying Memorandum of Points and Authorities and accompanying Declaration of James E. Tysse.

In accordance with LCvR 7(m), undersigned counsel conferred with counsel for Defendants regarding this motion, and Defendants oppose it.

A proposed order is attached.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  July 3, 2024 | ___/s James E. Tysse_____<br>James E. Tysse<br>  D.C. Bar No. 978722<br>Caroline L. Wolverton<br>  D.C. Bar No. 496433<br>Lide E. Paterno<br>  D.C. Bar No. 166601<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 887-4000<br>Facsimile:  (202) 887-4288<br>jtysse@akingump.com<br><br>Zach ZhenHe Tan<br>  *Admitted Pro Hac Vice*<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>100 Pine Street, Suite 3200<br>San Francisco, CA 94111<br>Telephone: (415) 765-9500<br>Facsimile:  (415) 765-9501<br><br>*Counsel to Plaintiffs Hesai Technology Co., Ltd. and Hesai Inc.* |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HESAI TECHNOLOGY CO., LTD, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, *et al.* <br><br> *Defendants*. | Civ. Action No. 1:24-cv-01381-PLF |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION TO COMPLETE OR, IN THE ALTERNATIVE, SUPPLEMENT**
**<u>THE ADMINISTRATIVE RECORD</u>**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT ..........................................................................................................................4

    I.    THIS COURT SHOULD COMPLETE THE RECORD BY ADDING HESAI'S MARCH LETTER AND SWORN DECLARATION ................4

        A.    Hesai's Submission Pre-Dates The Agency's Final Decision To Include Hesai On The Section 1260H List ......................................4

        B.    At The Very Least, Hesai's Documents Are Part Of The Record Regarding Defendants' Ongoing Failure To Revise The 1260H List ..............................................................................................................7

    II.    ALTERNATIVELY, THIS COURT SHOULD SUPPLEMENT THE RECORD WITH THE TWO DOCUMENTS .............................................8

CONCLUSION .......................................................................................................................10

# TABLE OF AUTHORITIES

**CASES:**

*American Petroleum Inst. v. EPA*,
   216 F.3d 50 (D.C. Cir. 2000) ................................................................................................5

*Bellion Spirits, LLC v. United States*,
   7 F.4th 1201 (D.C. Cir. 2021) ............................................................................................5, 6

*Biodiversity Legal Found. v. Norton*,
   180 F. Supp. 2d 7 (D.D.C. 2001) ...........................................................................................7

*Califano v. Sanders*,
   430 U.S. 99 (1977) .................................................................................................................3

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
   401 U.S. 402 (1971) ...............................................................................................................3

*City of Dania Beach v. FAA*,
   628 F.3d 581 (D.C. Cir. 2010) ...............................................................................................8

*Esch v. Yeutter*,
   876 F.2d 976 (D.C. Cir. 1989) ...............................................................................................9

*GPA Midstream Ass'n v. United States Dep't of Transp.*,
   67 F.4th 1188 (D.C. Cir. 2023) ..............................................................................................5

*Horsehead Res. Dev. Co. v. EPA*,
   130 F.3d 1090 (D.C. Cir. 1997) .............................................................................................5

*National Council of Resistance of Iran v. Department of State*,
   251 F.3d 192 (D.C. Cir. 2001) .............................................................................................10

*\*Oceana, Inc. v. Pritzker*,
   126 F. Supp. 3d 110 (D.D.C. 2015) ...................................................................................8, 9

*\*Oceana, Inc. v. Ross*,
   290 F. Supp. 3d 73 (D.D.C. 2018) ................................................................................4, 6, 7

*People's Mojahedin Org. of Iran v. U.S. Dep't of State*,
   613 F.3d 220 (D.C. Cir. 2010) .............................................................................................10

*Ralls Corp. v. Committee on Foreign Inv. in U.S.*,
   758 F.3d 296 (D.C. Cir. 2014) .............................................................................................10

*Sierra Club v. EPA*,
   955 F.3d 56 (D.C. Cir. 2020) .................................................................................................5

*University of Colo. Health at Mem'l Hosp. v. Burwell*,
    151 F. Supp. 3d 1 (D.D.C. 2015) ................................................................................8

*Walter O. Boswell Mem'l Hosp. v. Heckler*,
    749 F.2d 788 (D.C. Cir. 1984) ................................................................................4, 7

**STATUTES:**

5 U.S.C.
    § 551(13) ................................................................................................................4, 7
    § 701(b)(2) ..................................................................................................................4

Pub. L. No. 116-283, 134 Stat. 3388 (2021) ........................................................... *passim*
    § 1260H(b)(1) .............................................................................................................2
    § 1260H(b)(2) ..........................................................................................................2, 5
    § 1260H(b)(3) ................................................................................................... *passim*

**OTHER AUTHORITIES:**

Press Release, U.S. Department of Defense, DOD Releases List of People's
    Republic of China (PRC) Military Companies in Accordance With Section
    1260H of the National Defense Authorization Act for Fiscal Year 2021 (Jan.
    31, 2024) .....................................................................................................................2

**INTRODUCTION**

Plaintiffs Hesai Technology Co., Ltd. and Hesai Inc. (collectively, "Hesai") seek to add two documents—both of which the Department of Defense expressly promised to consider—to the administrative record. As explained more fully in Hesai's concurrently filed motion for summary judgment, this lawsuit challenges the Department's decision to add Hesai to, and ongoing refusal to remove Hesai from, a list of "Chinese military companies" under Section 1260H of the William M. ("Mac") Thornberry National Defense Authorization Act for Fiscal Year 2021 (Public Law 116-283, 134 Stat. 3388). In early March—a little over a month after Hesai learned of the Department's listing decision via press release, but more than three weeks before the agency published that decision in the Federal Register—Hesai submitted to the agency a letter and an accompanying declaration of its founder and CEO. Those two documents categorically deny any possible basis for Hesai's inclusion on the 1260H List. Defendants, however, did not include those materials in the administrative record, and have now refused to add them.

The Court should order the Department to complete the administrative record with Hesai's materials. Hesai's submission occurred weeks before the Department's Federal Register notice marking the relevant final agency action on review, and the Department expressly agreed to "consider" those materials. The Department should thus be deemed to have considered them, at least indirectly, before publishing the 1260H List in the Federal Register. At a minimum, the materials are plainly relevant to the other agency action Hesai challenges—namely, the Department's "ongoing" failure to satisfy its statutory duty to revise the list and remove Hesai based on the "latest information available." Sec. 1260H(b)(3).

Alternatively, the Court should require Defendants to supplement the record. Hesai's materials undeniably provide important factual context that directly relates to Defendants' consideration of the statutory factors and their compliance with APA procedures. The agency's

1

shocking contrary position—*i.e.*, that it can deny a company all *pre-designation* notice and opportunity to be heard, and then short-circuit judicial review by declining to timely "consider" the company's *post-designation* submission—alone cries out for supplementation to permit effective review.  Fundamental due process principles require giving the Court the opportunity to review what the agency apparently will not.

## BACKGROUND

Hesai first learned of its placement on a list of Section 1260H entities on January 31, 2024, when, without any warning or notice, the Department released an updated Section 1260H List via press release.[1]  At the time, the Department had not yet "concurrent[ly] *** publish[ed] the unclassified portion of such list in the Federal Register," as the statute required.  Sec. 1260H(b)(2).  Nor did the press release indicate whether the Department had "submit[ted]" its revised list "to the Committees on Armed Services of the Senate and the House of Representatives," another express statutory requirement.  Sec. 1260H(b)(1).

Given the lack of any pre-designation notice or opportunity to be heard, on March 8, 2024, counsel for Hesai submitted to Defendant Taylor-Kale (the administration official responsible for the listing decision) and other Department officials a detailed letter and sworn declaration from Hesai's CEO.  Because the agency had refused to provide the basis for the listing, Hesai's materials denied all possible bases for the Section 1260H designation, stating unequivocally that "[n]either the Chinese government, the People's Liberation Army, nor any other organization subordinate to

---

[1] Press Release, U.S. Department of Defense, *DOD Releases List of People's Republic of China (PRC) Military Companies in Accordance With Section 1260H of the National Defense Authorization Act for Fiscal Year 2021* (Jan. 31, 2024), https://www.defense.gov/News/Releases/Release/Article/3661985/dod-releases-list-of-peoples-republic-of-china-prc-military-companies-in-accord/.  The agency did not include that press release in the administrative record, either.

the Central Military Commission of the Chinese Communist Party has interfered with, or had any control over, Hesai's operations and management." Tysse Decl., Ex. B at ¶ 14. On March 12, 2024, Defendant Taylor-Kale responded via e-mail, expressly stating that the Department "will consider [the] letter and the declaration" in its "ongoing assessment of whether Hesai should remain on, or be removed from, the Chinese military company list as required by Section 1260H." Tysse Decl., Ex. C. Despite that acknowledgement, three weeks later, on April 2, 2024, the Department published in the Federal Register a "Notice of Chinese military companies," with a list that included Hesai.

After further failed attempts at convincing the Department to remove Hesai from the Section 1260H list—or even to provide the bare rationale for the designation—Hesai was forced to file this action on May 13, 2024. Pursuant to court order, the Department produced the administrative record on June 21, 2024. That administrative record includes, among other things, (1) two letters to the Senate and House Committees on Armed Services, both dated January 18, 2024 (AR2-3); (2) a "pre-decisional" memorandum, dated February 9, 2024 (AR9-17); and (3) the April 2, 2024 Federal Register notice (AR7-8).

Defendants failed, however, to include Hesai's March 8 letter and sworn declaration in the administrative record. When Hesai's counsel reached out to seek completion of the administrative record, Defendants' counsel declined, on the ground that the Department's final decision to include Hesai on the 1260H list purportedly occurred on January 18, 2024, and materials submitted after that date were not considered, either directly or indirectly, by the agency.

# ARGUMENT

## I. THIS COURT SHOULD COMPLETE THE RECORD BY ADDING HESAI'S MARCH LETTER AND SWORN DECLARATION

Under the APA, review of agency action must "be based on the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds, Califano v. Sanders*, 430 U.S. 99 (1977). In turn, "[t]he administrative record consists of all documents and materials that the agency directly or indirectly considered, no more and no less." *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 77 (D.D.C. 2018) (internal quotation marks and citations omitted); *see also Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("The Supreme Court's formulation in *Overton Park* cautions against both under- and over-inclusiveness in the administrative record before a reviewing court."). A party may thus ask the Court to require completion of the record where an agency excludes "evidence that should have been properly a part of the administrative record but was excluded by the agency." *Oceana, Inc.*, 290 F. Supp. 3d at 77 (internal quotation marks and citations omitted).

Here, the March 8 submission was considered "directly or indirectly" by the agency with respect to two different agency actions on review: the agency's final decision (in the form of the statutorily mandated Federal Register notice) and the agency's "ongoing" failure to remove Hesai based on the "latest information available." Sec. 1260H(b)(3).

### A. Hesai's Submission Pre-Dates The Agency's Final Decision To Include Hesai On The Section 1260H List

A party seeking to complete the record must "put forth concrete evidence" and "identify reasonable, non-speculative grounds for [its] belief that the documents were considered by the agency and not included in the record." *Oceana, Inc.*, 290 F. Supp. 3d at 78-79 (internal citations and quotations omitted). Hesai easily satisfies that standard.

4

The APA defines "agency action" as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13); *see id.* § 701(b)(2). Such action is final (and thus subject to judicial review) "if two independent conditions are met: (1) the action mark[s] the consummation of the agency's decisionmaking process and is not of a merely tentative or interlocutory nature; and (2) it is an action by which rights or obligations have been determined, or from which legal consequences will flow." *Bellion Spirits, LLC v. United States*, 7 F.4th 1201, 1208 (D.C. Cir. 2021) (internal quotation marks omitted).

As a general principle, it is an agency's act of publishing notice in the Federal Register that constitutes "final agency action" for purposes of judicial review. *See American Petroleum Inst. v. EPA*, 216 F.3d 50, 68 (D.C. Cir. 2000) (noting that "publication or lack thereof in the Federal Register" is helpful when "determining whether an agency has taken final action"); *see also, e.g.*, *GPA Midstream Ass'n v. United States Dep't of Transp.*, 67 F.4th 1188, 1195 (D.C. Cir. 2023) ("A final rule is not duly fixed at least until it is filed for public inspection with the Office of the Federal Register."); *Horsehead Res. Dev. Co. v. EPA*, 130 F.3d 1090, 1093 (D.C. Cir. 1997) (interpreting final "promulgation" of a rule to mean publication in the Federal Register). That general rule applies to Section 1260H, which requires the Department to publish its list of designated entities in the Federal Register "concurrent" with its listing decision. Sec. 1260H(b)(2). Accordingly, it is only upon the fulfillment of that statutory requirement that a designated party's "rights or obligations have been determined" under the statute. *Bellion Spirits*, 7 F.4th at 1208; *see also Sierra Club v. EPA*, 955 F.3d 56, 63 (D.C. Cir. 2020) (finality inquiry must account for the "specific statutes and regulations that govern" the agency action).

5

Here, the statutorily mandated publication in the Federal Register occurred on April 2, 2024—three weeks after Defendant Taylor-Kale personally acknowledged receipt of Hesai's letter and declaration on March 12, and promised to "consider" them as part of the Department's "ongoing assessment" of whether Hesai "should remain on, or be removed from," the 1260H List. Tysse Decl., Ex. C. Although the agency had plainly made *a* decision to add Hesai to the List in January, that decision was necessarily "interlocutory" until the Department satisfied the statutory publication requirement on April 2. *Bellion Spirits,* 7 F.4th at 1208. Accordingly, any materials the agency received prior to April 2 should be deemed "directly or indirectly" considered by the agency. *Oceana, Inc.*, 290 F. Supp. 3d at 77.

The Department's contrary position is that the final decision to include Hesai on the Section 1260H List actually occurred on January 18, 2024, such that any documents post-dating that time could not have been considered (not even "indirectly"). But as noted, that position is wrong on the law, because the "final" decision—via Federal Register publication—did not occur for several more months. That position is also at odds with the administrative record, which already includes *two* documents that post-date January 18, 2024: not just the April 2 Federal Register notice, but also a memorandum dated February 9, 2024, that (a) is expressly labelled "pre-decisional," and (b) indicates that the drafter of the document had "[a]ccessed" various cited references on February 9. AR8-9. Thus, at least as of February 9, the Department's decision remained interlocutory or tentative, given that the Department was apparently still evaluating its sources and support (perhaps in advance of its official publication of the List on April 2).[2] Those facts—coupled with

---

[2] Although Hesai's Complaint asserted that the January 31 press release was a final agency action subject to judicial review, that Complaint was filed prior to receiving the administrative record showing that the decision remained "pre-decisional" beyond that date. In any event, the authorities above suggest that the agency's decision did not become final and conclusive under Section 1260H's terms until it was published in the Federal Register.

6

Defendant Taylor-Kale's personal assurance that the Department would "consider" the submission weeks before the April 2, 2024 publication—provide "reasonable, non-speculative grounds" that the agency directly or indirectly considered the submissions before taking final agency action. *Oceana, Inc.*, 290 F. Supp. 3d at 77.

### B. At The Very Least, Hesai's Documents Are Part Of The Record Regarding Defendants' Ongoing Failure To Revise The 1260H List

At a minimum, Hesai's March submissions are plainly part of the administrative record with respect to Hesai's claim that the Department violated Section 1260H by refusing to *remove* Hesai from the list "based on the latest information available." Sec. 1260H(b)(3); *see* Compl. at 34 (Count III).

As noted, "agency action" includes not just an agency's affirmative rules and orders, but also "the equivalent or denial thereof," as well as its "failure to act." 5 U.S.C. § 551(13). And the APA's "require[d] review of 'the whole record' *** applies whether a court is reviewing agency action or inaction." *Biodiversity Legal Found. v. Norton*, 180 F. Supp. 2d 7, 10 (D.D.C. 2001) (quoting *Walter O. Boswell Mem'l Hosp.*, 749 F.2d at 792); *see Walter O. Boswell Mem'l Hosp.*, 749 F.2d at 792 ("To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case[.]").

Section 1260H expressly requires the Department to "make *** deletions" to the List on an "ongoing basis based on the latest information available." Sec. 1260H(b)(3). Thus, the agency has necessarily reviewed—at least "indirectly"—Hesai's March submission in refusing to "delet[e]" Hesai from that List. Indeed, it would make no sense to artificially limit the administrative record to an arbitrary date where, as here, Hesai is challenging the agency's "ongoing" failure to fulfill its decisionmaking obligations. Instead, given that Hesai's letter and declaration were the "latest information available" to the Department as of April 2 (and beyond),

7

they fall squarely within the relevant administrative record for Hesai's claim challenging the Department's statutory violation in refusing to remove Hesai from the List.

## II. ALTERNATIVELY, THIS COURT SHOULD SUPPLEMENT THE RECORD WITH THE TWO DOCUMENTS

Even if Hesai's March submissions are viewed as extra-record evidence, there is ample justification for *supplementing* the administrative record with those materials. A party may seek to supplement the record with "extra-judicial evidence that was not initially before the agency" but that the party "believes should nonetheless be included in the administrative record." *University of Colo. Health at Mem'l Hosp. v. Burwell*, 151 F. Supp. 3d 1, 13 (D.D.C. 2015). In this situation, the party must demonstrate one of several "unusual circumstances justifying a departure from th[e] general rule" against considering extra-record evidence. *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010). As relevant here, those circumstances include that the agency "failed to examine all relevant factors" or "failed to adequately explain its grounds for decision." *Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113 (D.D.C. 2015) (Friedman, J.).

The Court should supplement the record with Hesai's March 8, 2024 letter and sworn declaration. These materials demonstrate that the Department both "failed to consider all relevant factors" and "failed to adequately explain its grounds for decision." *Oceana, Inc.*, 126 F. Supp. 3d at 113. As explained in Hesai's motion for summary judgment, the records provide important context—otherwise absent from the one-sided administrative record the agency compiled without any notice to Hesai—that explains why the Department violated its statutory duties. Indeed, given that the agency failed to provide Hesai a pre-designation opportunity to be heard, it is no surprise that the agency relied on demonstrably wrong information in multiple respects.

To be clear, in light of the agency's fundamental legal errors and lack of supporting evidence, the Department's designation decision should be vacated on the current administrative

8

record alone. Nevertheless, Hesai's materials provide additional background information to help the Court evaluate the Department's asserted justifications. For example, and as explained in Hesai's motion for summary judgment, whereas the Department seeks to rely on attenuated connections between Hesai and the Chinese Ministry of Industry and Information Technology to prove an "affiliation" between the two entities, the sworn declaration categorically states that "[n]either the Chinese government, the People's Liberation Army, nor any other organization subordinate to the Central Military Commission of the Chinese Communist Party has interfered with, or had any control over, Hesai's operations and management." Tysse Decl., Ex. B at ¶ 14. Because these materials "point out gaps in the agency's explanation and analysis," they will be "instructive" in the Court's review of the Department's decision. *Oceana, Inc.*, 126 F. Supp. 3d at 114.

Supplementing the administrative record with these materials is particularly important here for two reasons. First, because Section 1260H(b)(3) requires the Department to make ongoing revisions to its listing decisions based on the "latest information available," the March letter and declaration—which are indisputably more recent than any other information relied on by the Department in the administrative record—are plainly relevant for determining whether the Department has upheld its statutory duties and considered "all relevant factors."

Second, as this Court has recognized, the relative "rarity with which consideration of extra-record evidence occurs stems in part from the fact that challengers *** typically have the opportunity to submit such evidence in conjunction with comments on proposed agency action." *Oceana, Inc.*, 126 F. Supp. 3d at 113. But where that comment opportunity is absent, extra-record evidence "can help 'enable judicial review to become effective.'" *Id.* (quoting *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)).

9

Here, Hesai was given zero opportunity to provide comments to the Department or defend itself prior to the Department's decision to add Hesai to the Section 1260H List on January 18, 2024 (the date on which the Department claims to have made its final decision). And despite having acknowledged receipt of and promised to "consider" materials that undermine that initial decision, the Department now insists that because it has *thus far* declined to consider that relevant material, the Court cannot do so either. Where, however, "a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and opportunity to be heard are essential." *National Council of Resistance of Iran v. Department of State*, 251 F.3d 192, 204 (D.C. Cir. 2001) (citation omitted). At a minimum, due process requires "an opportunity to rebut" the agency's evidence. *Ralls Corp. v. Committee on Foreign Inv. in U.S.*, 758 F.3d 296, 318-319 (D.C. Cir. 2014); *see, e.g.*, *People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 613 F.3d 220, 227, 230-31 (D.C. Cir. 2010) (holding that the Department of State violated alleged terrorist group's due process rights by failing to notify the entity of, and allow it to rebut, material upon which the agency relied to designate the entity as a foreign terrorist organization). The Court should prevent the Department from thwarting not only effective agency review, but judicial review, too.

## CONCLUSION

For the foregoing reasons, this Court should order that the letter and sworn declaration Hesai submitted to the Department on March 8, 2024, form part of the administrative record.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s James E. Tysse |
| Dated:  July 3, 2024 | James E. Tysse |
|  |   D.C. Bar No. 978722 |
|  | Caroline L. Wolverton |
|  |   D.C. Bar No. 496433 |
|  | Lide E. Paterno |
|  |   D.C. Bar No. 166601 |
|  | AKIN GUMP STRAUSS HAUER & FELD LLP |
|  | 2001 K Street, N.W. |
|  | Washington, D.C. 20006 |
|  | Telephone: (202) 887-4000 |
|  | Facsimile:  (202) 887-4288 |
|  | jtysse@akingump.com |
|  |  |
|  | Zach ZhenHe Tan |
|  |   *Admitted Pro Hac Vice* |
|  | AKIN GUMP STRAUSS HAUER & FELD LLP |
|  | 100 Pine Street, Suite 3200 |
|  | San Francisco, CA 94111 |
|  | Telephone: (415) 765-9500 |
|  | Facsimile:  (415) 765-9501 |
|  |  |
|  | *Counsel to Plaintiffs Hesai Technology Co., Ltd. and Hesai Inc.* |

11