IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| HESAI TECHNOLOGY CO., LTD, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 1:24-cv-01381 |
| U.S. DEP'T OF DEFENSE, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPLETE OR, IN THE ALTERNATIVE, SUPPLEMENT THE
ADMINISTRATIVE RECORD**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LAUREN A. WETZLER
Deputy Director, Federal Programs Branch

STEPHEN M. ELLIOTT (PA Bar# 203986)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel:  (202) 353-0889   Fax:  (202) 616-8470
E-mail:  stephen.m.elliott@usdoj.gov

*Counsel for Defendants*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................3

I.      The William M. ("Mac") Thornberry National Defense Authorization Act for Fiscal Year 2021 ..................................................................................................3

II.     Hesai Listing and Subsequent Submissions from Plaintiffs ..................................3

III.    Initiation of Litigation............................................................................................5

IV.    The Certified Administrative Record...................................................................5

LEGAL STARDARD ............................................................................................................6

ARGUMENT .........................................................................................................................8

I.      Defendants Provided Plaintiffs a Complete Administrative Record......................8

     A.    The Administrative Record Contains All Documents Considered Directly or Indirectly by the Decision-Maker..............................................8

     B.    Plaintiffs Have Not Met Their Burden of Demonstrating that Their March 2024 Submission Should be Included in the Administrative Record ..............................................................................9

          1.    The Timing of the FRN Does Not Justify Expanding the Administrative Record to Include the March 2024 Submission ..........................................................................................10

          2.    Plaintiffs' Unreasonable Delay Claim Does Not Justify Expanding the Administrative Record to Include the March 2024 Submission ..........................................................................................11

II.     Plaintiffs Have Not Established the Exceptional or Unusual Circumstances that Could Warrant Supplementation of the Record with Materials Not Considered by the DoD Decision-Maker................................................................12

CONCLUSION.....................................................................................................................16

# TABLE OF AUTHORITIES

**CASES**

*American Petroleum Inst. v. EPA*,
   216 F.3d 50 (D.C. Cir. 2000) ................................................................................................10

*Amfac Resorts, L.L.C. v. U.S. Dep't of Interior*,
   143 F. Supp. 2d 7 (D.D.C. 2001) ............................................................................................7

*Bar MK Ranches v. Yuetter*,
   994 F.2d 735 (10th Cir. 1993) ................................................................................................7

*Camp v. Pitts*,
   411 U.S. 138 (1973) ...............................................................................................................6

*Cayuga Nation v. Zinke*,
   302 F. Supp. 3d 352 (D.D.C. 2018) ...................................................................................7, 8

*\*City of Dania Beach v. FAA*,
   628 F.3d 581 (D.C. Cir. 2010) .........................................................................................12, 13

*Comm. of 100 on the Fed. City v. Foxx*,
   140 F. Supp. 3d 54 (D.D.C. 2015) ........................................................................................10

*Dallas Safari Club v. Bernhardt*,
   518 F. Supp. 3d 535 (D.D.C. 2021) ......................................................................................12

*Fla. Power & Light Co. v. Lorion*,
   470 U.S. 729 (1985) ...............................................................................................................6

*Norton v. S. Utah Wilderness All.*,
   542 U.S. 55 (2004) ...............................................................................................................12

*Oceana, Inc. v. Pritzker*,
   126 F. Supp. 3d 110 (D.D.C. 2015) ................................................................................13, 14

*\*Oceana, Inc. v. Ross*,
   920 F.3d 855 (D.C. Cir. 2019) ............................................................................................7, 8

*\*Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*,
   448 F. Supp. 2d 1 (D.D.C. 2006) .......................................................................................7, 13

*PDK Lab'ys Inc. v. U.S. D.E.A.*,
   362 F.3d 786 (D.C. Cir. 2004) ..............................................................................................11

*Stand Up for California! v. U.S. Dep't of Interior*,
   71 F. Supp. 3d 109, 117 (D.D.C. 2014) .................................................................................7

*The Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*,
   667 F. Supp. 2d 111 (D.D.C. 2009)...............................................................................13

*Univ. of Colo. Health at Mem'l Hosp. v. Burwell*,
   151 F. Supp. 3d 1 (D.D.C. 2015).....................................................................................9

*Veloxis Pharms., Inc. v. U.S. FDA*,
   109 F. Supp. 3d 104 (D.D.C. 2018)...............................................................................12

**STATUTES**

5 U.S.C. § 553(a)(1)..........................................................................................................14

5 U.S.C. § 706...........................................................................................................6, 11, 12

William M. ("Mac") Thornberry National Defense Authorization Act for Fiscal Year
   2021, Pub. L. No. 116-283, § 1260H, 134 Stat. 3388, (2021) .........................................3

**OTHER AUTHORITY**

Press Release, U.S. Department of Defense, DOD Releases List of People's
   Republic of China (PRC) Military Companies in Accordance With Section
   1260H of the National Defense Authorization Act for Fiscal Year 2021
   (Jan. 31, 2024)............................................................................................................3, 11

**INTRODUCTION**

On January 18, 2024, the Deputy Secretary of Defense notified Congress that the Department of Defense ("DoD") identified, among others, Hesai Technology Co., LTD, which is part of the Hesai Group ("Hesai" or "Plaintiffs"), as a "Chinese military company" pursuant to Section 1260H of the National Defense Authorization Act for Fiscal Year 2021 ("Section 1260H List" or "the List"). On January 31, 2024, DoD issued a press release identifying for the public the companies it had placed on the List. Plaintiffs administratively challenged DoD's decision and later initiated this lawsuit, acknowledging in the Complaint that the January 2024 identification constitutes a final agency action. But Plaintiffs now allege that DoD's January 2024 decision was "tentative" or "interlocutory," seeking to add materials to the administrative record that were not considered directly or indirectly by the Deputy Secretary. It strains credulity that DoD would notify Congress that it placed Hesai on the Section 1260H List and issue a press release to that effect when, in fact, the decision had not yet been made. Accordingly, the Court should reject Plaintiffs' attempt to expand the administrative record.

Plaintiffs primarily advance two unavailing arguments as to why their reconsideration package—submitted to DoD in March 2024—should be a part of the administrative record. First, Plaintiffs contend that the formal publication of the Section 1260H List in the Federal Register, which occurred after Hesai made its submission, constitutes the "final agency action" for purposes of their Administrative Procedure Act ("APA") claims. But when Plaintiffs filed the Complaint in May 2024, they were well aware that DoD published the Federal Register Notice ("FRN") in April 2024, and yet they still alleged in the Complaint that the January 2024 decision constituted a final agency action. Regardless, the FRN merely constitutes the formal publication of the determination to place Hesai on the Section1260H List that was made in January 2024; it does not change the

date that the decision was consummated. Second, Plaintiffs assert that their administrative reconsideration package should be included in the record because DoD has failed to reach a timely decision on Hesai's request for reconsideration. Plaintiffs' circular argument lacks merit. While Plaintiffs have asked DoD to reconsider its decision placing Hesai on the Section 1260H List, no decision has yet been made about whether to retain Hesai on the List. If DoD ultimately decides to keep Hesai on the Section 1260H List, Plaintiffs may challenge that decision, at which point their March 2023 submission will undoubtedly be included in any administrative record challenging what amounts to a separate final agency action.

Alternatively, Plaintiffs ask the Court to supplement the administrative record with their March 2024 reconsideration package that was, by their own admission, not considered by the Deputy Secretary. Plaintiffs, however, have failed to establish the "exceptional" or "unusual" circumstances that may, in rare instances, warrant supplementation of the record. Indeed, Plaintiffs' March 2024 submission does not provide "background" information that is needed for the Court to assess whether DoD considered all relevant factors. Rather, Plaintiffs merely deny that they have any affiliation with the Chinese government, the People's Liberation Army, or any other organization subordinate to the Central Military Commission of the Chinese Communist Party. And the declaration Hesai alleges should supplement the administrative record is devoid of complicated technological details that may assist the Court, focusing instead on alleged corporate espionage and misinformation campaigns.

For these reasons, as further discussed below, the Court should deny Plaintiffs' Motion to Complete, or in the Alternative, Supplement the Administrative Record.

**BACKGROUND**

I.  **The William M. ("Mac") Thornberry National Defense Authorization Act for Fiscal Year 2021**

The William M. ("Mac") Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, 134 Stat. 3388 (2021) provides for the identification of "each entity the Secretary [of Defense] determines, based on the most recent information available, is operating directly or indirectly in the United States . . . that is a Chinese military company." Section 1260H(a). Congress went on to delineate that "Chinese military company" includes those entities "identified as a military-civil fusion contributor to the Chinese defense industrial base . . . engaged in providing commercial services, manufacturing, producing, or exporting." *Id.* § 1260H(d)(1)(B). And Congress defined "military-civil fusion contributor" as, in relevant part, "[e]ntities affiliated with the Chinese Ministry of Industry and Information technology, including research partnerships and projects." *Id.* § 1260H(d)(2)(B).

II. **Hesai Listing and Subsequent Submissions from Plaintiffs**

On January 18, 2024, the Deputy Secretary of Defense notified Congress that DoD had identified Hesai, among others, on the Section 1260(H) List for 2023. *See* Exh. 1, Excerpts from Re-Certified Admin. Record, A.R. 1-6; *see also* Press Release, U.S. Department of Defense, *DOD Releases List of People's Republic of China (PRC) Military Companies in Accordance With Section 1260H of the National Defense Authorization Act for Fiscal Year 2021* (Jan. 31, 2024), https://www.defense.gov/News/Releases/Release/Article/3661985/dod-releases-list-of-peoplesrepublic-of-china-prc-military-companies-in-accord/. In the accompanying press release, DoD explained that "[u]pdating the Section 1260H list of 'Chinese military companies' is an important continuing effort in highlighting and countering the PRC's Military-Civil Fusion

strategy. The PRC's Military-Civil Fusion strategy supports the modernization goals of the People's Liberation Army (PLA)[.]" *Id.*

Plaintiffs subsequently filed a Freedom of Information Act ("FOIA") request on March 13, 2024. *See* Exh. 2. The FOIA request sought:

> The decision memorandum or other document finalizing the Department's decision to include Hesai on the list of "Entities Identified as Chinese Military Companies Operating in the United States in accordance with Section 1260H of the William M. ('Mac') Thornberry National Defense Authorization Act for Fiscal Year 2021 (Public Law 116-283)."

*Id.*

DoD issued its response on May 29, 2024. *See* Exh. 3. Consistent with Plaintiffs' request, DoD provided the official report supporting Hesai's inclusion on the 1260H List, dated November 2, 2023. *Id.* The FOIA release struck out "draft" and "pre-decisional" markings on the report that had initially been applied during the agency's decision-making process. *See id.*

On March 8, 2024, Plaintiffs submitted a package of materials in support of their request that DoD reconsider Hesai's inclusion on the 1260H List, including the Declaration of David Yifan Li, the Chief Executive Officer of Hesai Technology. *See* Decl. of James Tysse, ECF No. 16-1. Specifically, Plaintiffs challenged DoD's "erroneous January 31, 2024 inclusion of Hesai" on the 1260H List and demanded "prompt removal from the List." *Id.* Exh. A at 1. Challenging "Hesai's improper designation as a 'Chinese Military Company,'" Plaintiffs requested, *inter alia*, that DoD "immediately provide to Hesai whatever information it relied on in placing the company on the List." *Id.* at 7. Further, Mr. Li alleged in his declaration, among other things, that "[t]he commercially driven smear campaign by Hesai's competitors has resulted in [] misinformation in the public record." *Id.* Exh. B ¶ 25.

4

### III.     Initiation of Litigation

On May 13, 2024, Plaintiffs initiated this lawsuit, challenging the determination by DoD to identify Plaintiffs as a Chinese military company in accordance with Section 1260H.  *See* Compl., ECF No. 1.  Plaintiffs specifically allege that DoD's determination to identify Hesai on the List in January 2024 "constitutes 'final agency action' subject to judicial review because it consummates the agency's decision-making process with respect to Hesai's placement on the 1260H List."  *Id.* ¶ 100.  Plaintiffs' claims are brought primarily pursuant to the Administrative Procedure Act ("APA").

After the start of the litigation, the parties proposed a joint summary judgment briefing schedule, which the Court adopted.  *See* Joint Mot. for Summ. J. Briefing Schedule, ECF No. 12.  The Court ordered, *inter alia*, that Defendants file the certified list of the contents of the administrative record by June 21, 2024, and Plaintiffs file their motion for summary judgment by July 3, 2024.  *See* Scheduling Order, ECF No. 13.

### IV.     The Certified Administrative Record

Pursuant to the Court's order, Defendants filed the certified list of the contents of the administrative record and transmitted to Plaintiffs the administrative record on June 21, 2024.  *See* Notice, ECF No. 15.  In so doing, DoD certified that "to the best of [the certifier's] knowledge . . . the documents described in the attached certified list of the contents of the administrative record constitute a true, correct, and complete copy of the documents that were directly or indirectly considered in connection with DoD's decision to identify Plaintiffs on the Section 1260H list."  Certificate of Admin. Record, ECF No. 15-1.

DoD, however, subsequently learned that an inadvertent administrative error occurred when assembling the initial version of the administrative record.  *See* Exh. 4, Decl. of Libbi

Finelsen ("Finelsen Decl."). Specifically, the Deputy Secretary of Defense reviewed the report dated November 2, 2023, when finalizing DoD's decision to place Hesai on the Section 1260H List. *Id.* ¶ 2. But the initial version of the administrative record included a later version of the report dated February 9, 2024. *Id.* ¶ 3. The February 9, 2024 version of the report was "generated as the first step in DoD's statutorily mandated annual review in 2024 to determine whether entities who currently appear on the 2023 list should be removed from the 2024 list."[1] *Id*. "The February 2024 report was not part of the decision-making process for the 2023 list and has not been presented to the Deputy Secretary of Defense." *Id.* As a result, DoD filed a re-certified list of the contents of the administrative record and submitted to Plaintiffs a revised administrative record replacing the February 9, 2024 version of the Hesai report with the November 2, 2023 version of the report. *See* Re-Certification. of Admin. Record, ECF No. 18-1.

## LEGAL STARDARD

The APA provides that, in determining whether an agency decision is arbitrary or capricious or whether an agency action has been unlawfully withheld or unreasonably delayed, courts should "review the whole record or those parts of it cited by a party[.]" 5 U.S.C. § 706. "The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (citation omitted); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam) (noting that the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court").

---

[1] The two versions of the report are substantively identical, and therefore, this inadvertent administrative mistake will not affect the current summary judgment briefing schedule. *See* Finelsen Decl. ¶ 4.

The Courts in this Circuit have "'interpreted the 'whole record' to include all documents and materials that the agency directly or indirectly considered . . . and nothing more nor less.'" *Cayuga Nation v. Zinke*, 302 F. Supp. 3d 352, 357 (D.D.C. 2018) (quoting *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006)).. "[M]aterials that were not considered by agency decisionmakers . . . should not [be] include[d]." *Id.* (citation omitted). Accordingly, "[a]n agency's [mere] possession of certain records . . . is not sufficient to show that the same records were considered by the agency in connection with a decision subject to an APA challenge and, consequently, mere possession triggers no requirement to include such records in the administrative record." *Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 117 (D.D.C. 2014).

"'[T]he designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity.'" *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)). This strong presumption "derives from a commonsense understanding of the court's functional role in the administrative state[:] Were courts cavalierly to supplement the record, they would be tempted to second-guess agency decisions in the belief that they were better informed than the administrators empowered by Congress and appointed by the President." *Amfac Resorts, L.L.C. v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 11 (D.D.C. 2001) (citation omitted). Consequently, "[c]ommon sense dictates that the agency determines what constitutes the whole administrative record, because it is the agency that did the considering, and that therefore is in a position to indicate initially which of the materials were before it—namely, were directly or indirectly considered." *Pac. Shores*, 448 F. Supp. 2d at 5 (citation omitted).

7

**ARGUMENT**

I.  **Defendants Provided Plaintiffs a Complete Administrative Record**

   A.  **The Administrative Record Contains All Documents Considered Directly or Indirectly by the Decision-Maker**

Defendants have put forth an administrative record that contains all of the materials that were directly or indirectly relied upon by the Deputy Secretary of Defense when deciding to include Hesai on the Section 1260H List. *See Cayuga Nation*, 302 F. Supp. 3d at 357; *see also* Re-Certification. of Admin Record ¶ 5 ("I hereby certify . . . that the documents in the attached revised administrative record . . . constitute a true, correct, and complete copy of the documents that were directly or indirectly considered in connection with DoD's decision to identify Plaintiffs on the Section 1260H list."). The Deputy Secretary specifically considered the Hesai 1260H report, dated November 2, 2023, as well as the documentation cited within the report. *See* Re-Certified List of the Contents of the Admin. Record, ECF No. 18-2. Given the presumption of regularity applicable in this case, the Court would be well within its authority to end its inquiry here. *See Oceana, Inc.*, 920 F.3d at 856.

The inadvertent administrative error that occurred during the finalization of the initial version of the administrative record does not undermine this presumption of regularity or warrant expanding the record to include materials that were not relied upon by the decision-maker. *See* Finelsen Decl. Defendants acknowledge that the original version of the administrative record mistakenly included a later version of the report dated February 9, 2024, which DoD generated during its ongoing review of Hesai. *Id.* ¶ 3. This version of the report "was not part of the decision-making process for the 2023 list and has not been presented to the Deputy Secretary of Defense." *Id.* The Deputy Secretary of Defense reviewed the November 2, 2023 version of the Hesai report when reaching DoD's final decision about the composition of the Section 1260H List. *Id.* ¶ 2.

8

Accordingly, the November 2, 2023 version of the Hesai report should have originally been a part of the administrative record. *Id.* ¶¶ 2-3. Notably, however, the February 9, 2024 version of the report is substantively identical to the November 2, 2023 version and pre-dates Plaintiffs' March 2024 submission. *Id.* ¶ 4. Regardless, this inadvertent error has since been remedied by replacing the February 9, 2024 report with the November 2, 2023 report in the revised administrative record. *See* Re-Certification of Admin. Record. Defendants apologize for any inconvenience this unintended clerical mistake caused the Court or Plaintiffs.

Regardless of this unintentional error, Plaintiffs have been fully aware of the contents of the operative version of the Hesai Report. Plaintiffs requested, via FOIA, "[t]he decision memorandum or other document finalizing the Department's decision to include Hesai on the [Section 1260H List]." Exh. 2. In response, DoD provided the Hesai report dated November 2, 2023, with the "draft" and "pre-decisional" markings struck, *see* Exh. 3—unequivocal confirmation that the Deputy Secretary considered the November 2, 2023 Hesai report when making DoD's final determination to place Hesai on the Section 1260H List.

### B. Plaintiffs Have Not Met Their Burden of Demonstrating that Their March 2024 Submission Should be Included in the Administrative Record

A party may seek to include "evidence that should have been properly a part of the administrative record but was excluded by the agency." *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 151 F. Supp. 3d 1, 13 (D.D.C. 2015) (citation omitted) ("completion" or "correction" of the administrative record). In order to overcome the strong presumption of regularity, a plaintiff must "put forth concrete evidence that the documents it seeks to 'add' to the record were actually before the decisionmakers." *Id.* (citation omitted). In other words, this test requires that the movant must go "beyond [a] description and the date of the proffered exhibits," and "describe when the [omitted] documents were presented to the agency, to whom, and under what context."

9

*Comm. of 100 on the Fed. City v. Foxx*, 140 F. Supp. 3d 54, 59 (D.D.C. 2015) (citations omitted). "Then, [p]laintiffs must [separately] offer reasonable, non-speculative grounds for their belief that the [requested] documents were directly or indirectly *considered* by the [agency]." *Id.* (emphasis in original) (citation omitted).

### 1. The Timing of the FRN Does Not Justify Expanding the Administrative Record to Include the March 2024 Submission

Plaintiffs contend that the FRN published in April 2024 constitutes the final agency action, and thus their March 2024 reconsideration package must have been considered by the decision-maker, at least indirectly.[2]  *See* Pls.' Mot. to Complete ("Pls.' Mot.") at 4-7, ECF No. 16.  But Plaintiffs knew when they initiated this lawsuit that the FRN was published in April 2024, yet they allege in the Complaint that "[t]he January 31, 2024 listing constitutes 'final agency action' subject to judicial review because it consummates the agency's decision-making process with respect to Hesai's placement on the 1260H List."  Compl. ¶ 100.  Plaintiffs cannot have it both ways.

In any event, the actual text of Section 1260H does not support Plaintiffs' argument.  The statute provides that "[c]oncurrent with the submission of each 1260H list [to the relevant congressional committees], the Secretary shall publish the unclassified portion of such list in the Federal Register."  Section 1260H(b)(2).  This provision, therefore, demonstrates that the FRN is necessary only after the final decision on the substance of the Section 1260H List has been submitted to Congress, which, in this case, occurred in January 2024.  *See* Exh. 1 at 1-6.  While

---

[2] Plaintiffs cite *American Petroleum Inst. v. EPA*, 216 F.3d 50, 68 (D.C. Cir. 2000), for the unremarkable proposition that "publication or lack thereof" of an agency action in the Federal Register can help the reviewing court determine whether a final agency action has occurred for purposes of APA review.  *See* Pls.' Mot. at 5.  Here, however, the parties do not dispute that DoD's Section 1260H determination with regard to Hesai constituted a final agency action; the parties dispute *when* DoD made the determination.  Defendants have demonstrated that the decision was made by the Deputy Secretary of Defense, conveyed to Congress, and disseminated to the public via a press release in January 2024.

10

Section 1260H requires the decision to be published in the Federal Register, this act just formally announces the decision to the general public—it does not constitute the final agency action that was consummated in January 2024.

Any delay in publishing the FRN constitutes, at best, harmless error. *See PDK Lab'ys Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("In administrative law, as in federal civil and criminal litigation, there is a harmless error rule[.]"). Multiple offices within DoD must review proposed Federal Register notices, and during the relevant time period, one critical component— the Office of the Under Secretary of Defense for Acquisition and Sustainment—"was in the middle of a team turnover, resulting in the office being short staffed." Finelsen Decl. ¶¶ 6-7. Indeed, the "team email inbox to which the Federal Register notice was sent swelled to over 200 emails with up to 60 new emails arriving daily." *Id.* ¶ 7. This office also had other competing responsibilities, such as Posture Hearings before the Senate and House Committees on Armed Services. *Id.* "As a result of these staffing and workload problems, the review process took an extended period, which delayed publication." *Id.* Thus, the delay can best be described as harmless error, especially given that DoD publicly announced the Section 1260H List via press release in January 2024. *See* Press Release, U.S. Department of Defense.

    **2.    Plaintiffs' Unreasonable Delay Claim Does Not Justify Expanding the Administrative Record to Include the March 2024 Submission**

Plaintiffs' argument that their APA unreasonable delay claim warrants the inclusion of Hesai's March 2024 reconsideration package fares no better. *See* Pls.' Mot. at 7-8. The APA provides that the Court shall "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). As courts have repeatedly recognized, "[n]othing in the [APA's] statutory text distinguishes the scope of record review based on whether the claim is directed at agency action or inaction. And nowhere does the text even hint at extra-record review occurring

11

as a matter of course when agency action is alleged to be 'unlawfully withheld or unreasonably delayed.'" *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 539 (D.D.C. 2021) (quoting 5 U.S.C. § 706, and collecting cases). As discussed above, the revised administrative record contains all materials considered directly or indirectly by the decision-maker—under binding precedent nothing more is required when an agency faces an unreasonable delay claim.

Regardless, Plaintiffs' unreasonable delay claim is a legal challenge to DoD's supposed failure to timely reconsider Hesai's placement on the Section 1260H List. *See* Compl. ¶¶ 121-25. Such a challenge does not require additional documentation because, by its very nature, a decision has not been made. Indeed, even if the Court were to ultimately agree with Plaintiffs, the Court could merely instruct DoD to reach a decision on the pending reconsideration request—it could not opine on the merits of the reconsideration request. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004) ("[W]hen an agency is compelled by law to act within a certain time period . . . a court can compel the agency to act, but has no power to specify what the action must be."). DoD has, by statute, an "ongoing" obligation to assess whether to keep Hesai on the List, and that is precisely what it is doing. *See* Section 1260H(b)(3). If DoD ultimately decides to retain Hesai on the List, Plaintiffs may challenge that separate agency action, and the materials submitted by Hesai in March 2024 will be included in the administrative record.

## II. Plaintiffs Have Not Established the Exceptional or Unusual Circumstances that Could Warrant Supplementation of the Record with Materials Not Considered by the DoD Decision-Maker

Supplementation of the administrative record is appropriate only in "exceptional or 'unusual' circumstances." *Veloxis Pharms., Inc. v. U.S. FDA*, 109 F. Supp. 3d 104, 124 (D.D.C. 2018) (quoting *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010)). "[T]here is a strong presumption that the agency properly compiled the administrative record." *Id.* (citation

omitted); *see Pac. Shores*, 448 F. Supp. 2d at 5 (citation omitted) (concluding that because of the strong presumption of regularity "[s]upplementation of the administrative record is the exception, not the rule")); *see also The Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 112 (D.D.C. 2009) ("A court that orders an administrative agency to supplement the record of its decision is a rare bird."). In the D.C. Circuit, there are three "unusual circumstances" that can warrant modification of the certified record: "(1) if the agency deliberately or negligently excluded documents that may have been adverse to its decision; (2) if background information was needed to determine whether the agency considered all relevant factors; or (3) if the agency failed to explain administrative action so as to frustrate judicial review." *City of Dania Beach*, 628 F.3d at 590 (citation omitted); *accord Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113 (D.D.C. 2015). Plaintiffs acknowledge that only the second and third circumstances are even arguably relevant, *see* Pls.' Mot. at 8, neither of which are present in this case.

Plaintiffs' argument that the March 2024 submission constitutes "background information" falls flat. *See* Pls.' Mot. at 8-9. Plaintiffs cite, as an example, their declarant's statement that "[n]either the Chinese government, the People's Liberation Army, nor any other organization subordinate to the Central Military Commission of the Chinese Communist Party has interfered with, or had any control over, Hesai's operations and management." *Id.* at 9. This is not background information—it is an outright denial of wrongdoing presented in the context of a request for DoD to reconsider its placement of Hesai on the Section 1260H List. In the event DoD disagrees with the denial and decides to retain Hesai on the List, Plaintiffs may challenge this distinct final agency action under the APA. In this scenario, the March 2024 submission would, without question, be included in any administrative record in these hypothetical future proceedings.

Plaintiffs rely heavily on this Court's prior decision in *Oceana Inc.*, 126 F. Supp. 3d at 114. *See* Pls.' Mot. at 8-9. But, respectfully, Plaintiffs' reliance on this case is misplaced. In *Oceana, Inc.*, the Court determined that supplementation of the record was appropriate because the National Marine Fisheries Service failed to adequately explain the grounds for its conclusion that a strong positive linear relationship exists between dredge hours and loggerhead takes. 126 F. Supp. 3d at 113-14. The Court, however, reached this conclusion, in part, because of the unique procedural posture of the case—Oceana did not have the opportunity to submit evidence in conjunction with comments on a proposed agency action because there was no notice and comment period after remand to the agency. *Id.* at 113. Here, on the other hand, DoD does not need to engage in the notice and comment period because Section 1260H determinations are exempt from this requirement. *See* 5 U.S.C. § 553(a)(1) (exempting from notice and comment "military or foreign affairs function[s] of the United States"). If Plaintiffs' theory were correct, any agency action exempt from the notice and comment requirement would be vulnerable to extra-record evidence being introduced into the administrative record. The Court also reasoned that supplementation with the proposed declaration was appropriate because it involved a "technical subject matter." *Oceana, Inc.*, 126 F. Supp. 3d at 113. Here, in contrast, Hesai simply denies any connection with the Chinese government, the People's Liberation Army, or any organization subordinate to the Central Military Commission of the Chinese Communist Party. *See* Pls.' Mot. at 9. The decision to place Plaintiffs on the Section 1260H List does not implicate the intricacies of the LiDAR technology that Hesai develops and deploys. *See, e.g.*, Compl. ¶ 14. Indeed, the declaration proposed to be included in the record, in contrast to the one in *Oceana Inc.*, advances blanket denials and focuses on purported corporate misinformation campaigns by competitors. *See* Decl. of David Yifan Li ¶ 25. Thus, *Oceana Inc.* is readily distinguished.

Finally, Plaintiffs unsuccessfully attempt to comingle their justification for supplementing the record with their pending due process claim. *See* Pls.' Mot. at 10. In particular, Plaintiffs argue that because Hesai did not receive a pre-publication opportunity to challenge its placement on the Section 1260H List, the Court should supplement the administrative record with extra-record evidence that the decision-maker did not consider when making the determination. Defendants will address Plaintiffs' due process argument in their opposition and cross-motion for summary judgement. But suffice it to say, Defendants disagree that Plaintiffs have not been afforded constitutionally sufficient process—their March 2023 submission, although not a part of the instant record, will be duly considered by DoD in the context of assessing the propriety of retaining Hesai on the Section 1260H List. Plaintiffs should not be permitted to litter the instant administrative record with extra-record evidence when they have ample means to administratively challenge their placement on the Section 1260H List, as they are presently doing.

//
//
//
//
//
//
//
//
//
//

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Complete or, in the Alternative, Supplement the Administrative Record.

Dated: July 17, 2024

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LAUREN A. WETZLER
Deputy Director, Federal Programs Branch


*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT (PA Bar# 203986)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel:  (202) 353-0889   Fax:  (202) 616-8470
E-mail:  stephen.m.elliott@usdoj.gov

*Counsel for Defendants*