UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HESAI TECHNOLOGY CO., LTD, *et al.*,

                                                          *Plaintiffs*,

v.

U.S. DEPARTMENT OF DEFENSE, *et al.*

                                                          *Defendants*.

Civ. Action No. 1:24-cv-01381-PLF

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPLETE OR, IN THE ALTERNATIVE, SUPPLEMENT THE ADMINISTRATIVE RECORD**

      Defendants' adamant opposition to this Court's review of the letter and declaration Plaintiffs Hesai Technology Co., Ltd and Hesai Inc. (collectively, "Hesai") submitted to the Department of Defense (the "Department") is as puzzling as it is wrong.  Defendants' excuses about "inadvertent" errors and "workload problems" do not erase the undisputed fact that the Department expressly acknowledged receipt of and promised to "consider" the March 2024 materials—weeks before it officially published the 1260H List in the Federal Register.  Nor should Defendants' arguments distract from the relevance of the materials to assessing whether the Department violated its "ongoing" duty to delete Hesai's listing based on the "latest information available."  The Court should have the opportunity to consider these materials in adjudicating Hesai's claims, either because they are already part of the complete administrative record the Department considered (at least indirectly), or because the record should be supplemented to include them.

      To be clear, given the Department's extensive legal errors and paltry evidentiary record, this Court should grant summary judgment to Hesai regardless of how the Court resolves this motion.  The administrative record the Department certified (and the revised record it just re-

certified) lacks any evidence supporting its decisions to place and then retain Hesai on its list of Chinese military companies. Nevertheless, the materials Hesai submitted *are* part of the entire record, and would plainly provide helpful context to the Court—especially given that the submission was Hesai's first (and to date, only) administrative opportunity to be heard. If anything, Defendants' strange insistence that the Department has not yet considered this pertinent information, and their strenuous objections to the Court reviewing materials the Department has possessed for months, only highlights the head-in-the-sand nature of their decisionmaking. The Court should complete or supplement the record.

I.  **HESAI HAS PROVIDED REASONABLE, NON-SPECULATIVE GROUNDS FOR COMPLETING THE ADMINISTRATIVE RECORD**

All agree that the administrative record should be completed if plaintiffs can "describe when the [omitted] documents were presented to the agency, to whom, and under what context" and "offer reasonable, non-speculative grounds for their belief that the requested documents were directly or indirectly considered by the agency." Opp. 9-10 (emphasis and alterations omitted) (quoting *Committee of 100 on the Fed. City v. Foxx*, 140 F. Supp. 3d 54, 59 (D.D.C. 2015)). Hesai showed that it presented the pertinent documents to the agency on March 8, 2024, and that the agency on March 12 promised to "consider" them in its "ongoing" assessment of the listing Hesai challenges. Tysse Decl. ISO Mot., Ex. C. Far from "mere possession," Opp. 7 (citation omitted), those undisputed facts constitute non-speculative evidence that the Department "considered" the materials—at least "indirectly," *Oceana, Inc. v. Ross*, 290 F.3d Supp. 3d 73, 77 (D.D.C. 2018)—weeks before publishing the list in the Federal Register in April.

Entirely ignoring their promise to "consider" the materials, Defendants instead pitch a couple of hard-to-follow excuses. But Defendants' strained justifications raise more questions than answers. First, Defendants "apologize" for an "inadvertent administrative error"

necessitating replacement in the administrative record of the February 2024 memo (which is expressly labeled "pre-decisional") with a memorandum from November 2023.  *See* Opp. 8-9; Dkt. 18 (revising administrative record minutes before filing opposition).  But despite urging the Court to ignore both that February 2024 document *and* the (statutorily mandated) Federal Register publication, Defendants cannot even commit to a single point by which the Department supposedly finalized its decision.  Instead, they cite:

i.  their January 18 letter that the Deputy Secretary of Defense sent to members of Congress (which itself states, without explanation, that a list was "released" on December 31, 2023);

ii. a January 31 press release stating that "[t]oday, the Department of Defense released an update" to its Section 1260H list; and

iii. the November 2, 2023 memorandum, which Defendants now suggest was itself "final."

Opp. 3-4.  Which of these was *the* final action?  Defendants do not say.[1]

Second, Defendants argue that, although the final decision was ostensibly made months earlier, "staffing and workload problems" caused a delay in the official Federal Register publication of the Section 1260H list until April 2, 2024.  Opp. 11.  But Defendants also explain that the official listing was subject to "review" by "[m]ultiple offices within" the Department before it was published, including "one critical component—the Office of the Under Secretary of Defense for Acquisition and Sustainment."  Opp. 10-11.  The Department fails to adequately explain why, if the decision was already "final" on January 31—or perhaps January 18, or December 31, or November 2—it necessitated *any* additional review before April 2.

---

[1] Defendants identify "unequivocal confirmation that the Deputy Secretary considered" the November report from the fact that the "'draft' and 'pre-decisional' markings [were] struck" from it.  Opp. 9.  But Defendants separately explain that those markings were struck during "[t]he FOIA release" process, rather than through any contemporaneous agency action.  Opp. 4.

3

Regardless, even setting aside the Federal Register publication, Hesai has separately challenged Defendants' "failure to *remove* Hesai from the 1260H List," despite the absence of any factual or legal basis for the listing. Compl. ¶¶ 122-125 (emphasis added); *see* Dkt. 17, at 41-43 (Mot. for Summ. J.). Defendants try to avoid that reality by mischaracterizing Hesai's claim as one for "unreasonable delay." Opp. 12. Yet Hesai's claim is not about mere delay, but about the Department's violation of its "ongoing" duty to delete entities from the List based on the "latest information available." Sec. 1260H(b)(3). By arguing that "a decision has not been made" on that point (Opp. 12), Defendants have conceded that they are withholding action Hesai claims is expressly required by law. Defendants may disagree on the merits of that claim, but they do not (and cannot) dispute that the submitted materials are necessarily part of the record of whether the Department has complied with its statutory obligation to make deletions from the List on an "ongoing" basis (not simply through some future assessment "[i]f DOD ultimately decides" to heed Congress's command, Opp. 12).[2]

## II. AT A MINIMUM, THIS COURT SHOULD SUPPLEMENT THE RECORD TO ENABLE EFFECTIVE JUDICIAL REVIEW

In any event, Defendants acknowledge that "background information" can be added to the administrative record in rare cases "to determine whether the agency considered all relevant factors," Opp. 13 (quoting *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010)), or where the agency "failed to adequately explain the grounds for its conclusion," *id.* at 14 (citing *Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113-114 (D.D.C. 2015)). Defendants

---

[2] Defendants are simply wrong that this Court "could not opine on the merits" of Hesai's claim that Defendants have violated Section 1260H(b)(3) by failing to remove Hesai from the List. Opp. 12. This Court plainly has the power to "compel agency action unlawfully withheld." 5 U.S.C. § 706(1). Defendants' confusion may stem from their misunderstanding of Hesai's March 8 letter as a mere "reconsideration package," Opp. 1, when in fact it was Hesai's first (and, until this lawsuit) *only* opportunity to contest the listing and request removal.

mischaracterize the relevant information as consisting only of "outright denial[s] of wrongdoing" and "devoid of complicated technological details that may assist the Court." Opp. 2, 13. The Court can judge the materials for themselves, but they are hardly bare denials; instead, the letter from Hesai's counsel and declaration from Hesai's CEO describe in detail, for example, Hesai's ownership structure, the various (undisputed) limits it has in place to prevent contributions or sales to the military, and the technological features of the LiDAR equipment it manufactures (including explanations that the civilian specifications at which the equipment is produced fall well below battlefield standards). Although Hesai is entitled to summary judgment regardless of whether the Court considers these materials, Hesai believes that its submission provides helpful background information that would benefit the Court in evaluating Hesai's claims.

Defendants also try to wave away Hesai's due process interests by arguing that the "March 202[4] submission, although not a part of the instant record, will be duly considered by [the Department] in the context of assessing the propriety of retaining Hesai on the Section 1260H List." Opp. 15. But the "propriety of retaining Hesai" presently on the List lies at the heart of the claims this Court is reviewing. Defendants should not be permitted to prevent that "judicial review [from] becom[ing] effective" by choosing to block relevant materials from the administrative record. *Oceana, Inc.*, 126 F. Supp. 3d at 113 (quoting *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)). And they certainly should not be permitted to do so based on a new, vague promise that the Department will, at some unknown date far in the future, consider an "administrative[] challenge," Opp. 15, when the Department's steadfast refusal to provide any pre-designation process or even a post-designation *explanation* is the entire reason this dispute has wound up in federal court, *see* Compl. ¶¶ 48-52.

5

## CONCLUSION

The Court should complete or supplement the record with the letter and declaration that Hesai submitted to the Department on March 8.

Respectfully submitted,

Dated: July 24, 2024

/s James E. Tysse
James E. Tysse
  D.C. Bar No. 978722
Caroline L. Wolverton
  D.C. Bar No. 496433
Lide E. Paterno
  D.C. Bar No. 166601
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
jtysse@akingump.com

Zach ZhenHe Tan
  *Admitted Pro Hac Vice*
AKIN GUMP STRAUSS HAUER & FELD LLP
100 Pine Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

*Counsel to Plaintiffs Hesai Technology Co., Ltd. and Hesai Inc.*