UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HESAI TECHNOLOGY CO., LTD, et al., <br><br>           Plaintiffs, <br><br>     v. <br><br> U.S. DEPARTMENT OF DEFENSE, et al., <br><br>           Defendants. | Civil Action No. 24-1381 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter arises from a challenge by the plaintiff technology companies (collectively, "Hesai") to the decision by the Department of Defense ("DoD") to place Hesai on a list of "Chinese military compan[ies]" pursuant to section 1260H of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 (the "1260H List").  See Pub. L. No. 116-283, § 1260H, 134 Stat. 3388, 3965-66 (2021).  According to Hesai, DoD violated the Administrative Procedure Act ("APA") by putting the company on the 1260H List without a legitimate reason to do so.  See Plaintiffs' Motion for Summary Judgment [Dkt. No. 17] at ECF 12-14.  On May 13, 2024, the parties jointly moved to proceed to summary judgment.  Joint Motion for Summary Judgment Briefing Schedule [Dkt. No. 12].  The Court granted the parties' motion, and set a briefing schedule and oral argument date.  Order [Dkt. No. 13].  On June 15, 2024, the government filed its certified list of the contents of the administrative record.  See Notice of Filing the Certified List of the Contents of the Administrative Record [Dkt. No. 15].

Now pending before the Court is the Plaintiffs' Motion to Complete or, in the Alternative, Supplement the Administrative Record ("Mot.") [Dkt. No. 16]. Hesai seeks to add to the record two documents that it submitted to DoD in March 2024: a letter explaining why it is not a "Chinese military company" as defined by Section 1260H, and a declaration from the company's CEO. Mot. at ECF 8-9; see Mot. Ex. A, Ex. B [Dkt. No. 16-1]. Hesai seeks to add these documents to the administrative record on two alternative grounds: first, to "complete" the administrative record by providing evidence that DoD considered the documents but failed to include them in its submission to the Court; and second, to "supplement" the administrative record because the Court should examine the documents in order to evaluate DoD's decision, even though the agency did not consider them. See Mot. at ECF 10, 14. The Court evaluates each argument in turn.

I. COMPLETING THE RECORD

A court's review of agency action under the APA "is to be based on the full administrative record that was before [the agency] at the time [it] made [its] decision." Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971). "The administrative record consists of all documents and materials that the agency directly or indirectly considered, no more and no less." Oceana, Inc. v. Ross, 290 F. Supp. 3d 73, 77 (D.D.C. 2018) (cleaned up). "An agency is 'entitled to a strong presumption of regularity that it properly designated the administrative record.'" Id. (quoting Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 5 (D.D.C. 2006)). "[A] movant can seek to complete the record with inclusion of 'evidence that should have been properly a part of the administrative record but was excluded by the agency.' A party taking this route must 'put forth concrete evidence and identify reasonable, non-speculative grounds for [its] belief that the documents

were considered by the agency and not included in the record.'" <u>Citizens for Resp. & Ethics in Washington v. FEC</u>, Civil Action No. 22-0035, 2024 WL 2110141, at *4 (D.D.C. May 10, 2024) (second alteration in original) (quoting <u>Nat. Res. Def. Council, Inc. v. Doremus</u>, Civil Action No. 20-1150, 2021 WL 2322349, at *2 (D.D.C. June 7, 2021)).

The grounds put forward by Hesai for its contention that the letter and declaration were considered by DoD have to do with timing. <u>See</u> Mot. at ECF 12-13. On January 18, 2024, the Deputy Secretary of Defense sent the 1260H List to Congress. Defendants' Opposition to Plaintiffs' Motion to Complete or, in the Alternative, Supplement the Administrative Record ("Opp.") [Dkt. No. 19] at 3; <u>see</u> Opp. Ex. 1 [Dkt. No. 19-1]. On January 31, 2024, DoD publicly disseminated the 1260H List through a press release. Opp. at 3; <u>see</u> U.S. Dep't of Def., DOD Releases List of People's Republic of China (PRC) Military Companies in Accordance With Section 1260H of the National Defense Authorization Act for Fiscal Year 2021 (Jan. 31, 2024), https://www.defense.gov/News/Releases/Release/Article/3661985/dod-releases-list-of-peoples-republic-of-china-prc-military-companies-in-accord/.

After learning it had been placed on the list, on March 8, 2024, Hesai submitted the letter and declaration at issue to DoD. Mot. at ECF 8-9. DoD confirmed receipt of the documents and replied that it would consider them in its "ongoing assessment of whether Hesai should remain on, or be removed from, the Chinese military company list." Mot. at ECF 9; <u>see</u> Mot. Ex. C [Dkt. No. 16-1]. Then, on April 2, 2024, DoD published the 1260H List in the Federal Register. <u>See</u> Mot. at ECF 9. Hesai argues that the letter and declaration were at least indirectly considered by DoD because the 1260H List was not published in the Federal Register until after DoD had received the documents from Hesai. Mot. at ECF 11-12. Hesai contends that DoD's decision to place the company on the list was not final agency action under the APA

until the list was published in the Federal Register – and therefore documents submitted to DoD before the list's publication were properly before the agency with regard to the action challenged in this lawsuit.  Id.

The Court disagrees.  Hesai is correct that the question of when DoD's decision to place it on the 1260H List became final agency action under the APA is key to evaluating its argument that the letter and declaration are part of the administrative record.  But DoD's action was final before Hesai submitted the documents to the agency.  The agency's press release – if not its submission of the 1260H List to Congress – "mark[ed] the consummation of the agency's decisionmaking process and [was] not of a merely tentative or interlocutory nature."  Bellion Spirits, LLC v. United States, 7 F.4th 1201, 1208 (D.C. Cir. 2021) (quoting Soundboard Ass'n v. FTC, 888 F.3d 1261, 1267 (D.C. Cir. 2018)).  And the consequences for Hesai flowing from the company's inclusion on the list came into being, at the latest, as soon as the list was public – not after the list was published in the Federal Register.  See id.  Because the final agency action challenged by Hesai in this lawsuit occurred before the company submitted to DoD the documents it now seeks to add to the record, Hesai has not sufficiently shown that the documents were considered by the agency in reaching its decision.  See Citizens for Resp. & Ethics in Washington v. FEC, 2024 WL 2110141, at *4.  The Court concludes that the documents are not necessary to complete the administrative record; the record here was complete before they were submitted.[1]

---

[1] Hesai argues that even if the letter and declaration are not part of the administrative record with respect to DoD's decision to put the company on the 1260H List, the documents are "part of the administrative record with respect to Hesai's claim that the Department violated Section 1260H by refusing to remove Hesai from the list 'based on the latest information available.'"  Mot. at ECF 13 (quoting § 1260H(b)(3), 134 Stat. at 3965); see Plaintiffs' Reply in Support of Motion to Complete or, in the Alternative, Supplement the Administrative Record [Dkt. No. 22] at 4.  The Court, however, agrees with the government that,

## II.  SUPPLEMENTING THE RECORD

"[A] plaintiff may seek to include 'extra-judicial evidence that was not initially before the agency'" if the plaintiff "can 'demonstrate unusual circumstances justifying a departure from th[e] general rule' against considering extra-record evidence." Oceana, Inc. v. Ross, 290 F. Supp. 3d at 77 (first quoting Univ. of Colo. Health at Memorial Hosp. v. Burwell, 151 F. Supp. 3d 1, 13 (D.D.C. 2015); and then quoting City of Dania Beach v. FAA, 628 F.3d 581, 590 (D.C. Cir. 2010)).  "[T]he record can be supplemented in three instances: (1) if the agency 'deliberately or negligently excluded documents that may have been adverse to its decision,' (2) if background information was needed 'to determine whether the agency considered all the relevant factors,' or (3) if the 'agency failed to explain administrative action so as to frustrate judicial review.'" City of Dania Beach v. FAA, 628 F.3d at 590 (quoting American Wildlands v. Kempthorne, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

Hesai argues that the second and third circumstances apply here.  See Mot. at ECF 14-16.  The company relies on a prior decision by this Court allowing a plaintiff to supplement the administrative record in a case challenging a "Biological Opinion" issued by the National Marine Fisheries Service.  See Oceana, Inc. v. Pritzker, 126 F. Supp. 3d 110, 113-14 (D.D.C. 2015).  But, as the government points out, the Court's decision was largely due to the "unique procedural posture" of that case.  Opp. at 14.  The challenge to the Biological Opinion arose after the Court had held that the agency did not sufficiently explain its decision and remanded the matter to the agency.  Oceana, Inc. v. Pritzker, 126 F. Supp. 3d at 111.  While the

---

because DoD has not yet made a decision on Hesai's request to remove the company from the 1260H List, no additions to the administrative record are necessary.  See Opp. at 11-12; Dallas Safari Club v. Bernhardt, 518 F. Supp. 3d 535, 539-40 (D.D.C. 2021).  Of course, DoD is obligated to consider these documents when evaluating Hesai's request to remove the company from the list, and has represented to the Court that it will do so.  See Opp. at 15.

5

plaintiff had submitted comments to the agency before the agency issued the Biological Opinion, see Oceana, Inc. v. Pritzker, 75 F. Supp. 3d 469, 473, 477, 487 (D.D.C. 2014), the plaintiff had no opportunity to submit further comments after the remand. Oceana, Inc. v. Pritzker, 126 F. Supp. 3d at 113. And the materials the plaintiff sought to add to the administrative record were "exactly the sort of commentary that parties typically submit to an agency before its action is finalized." Id. Here, by contrast, DoD's decision of which entities to put on the 1260H List is exempted from the notice and comment requirements of the APA. See 5 U.S.C. § 553(a)(1) (exempting "military or foreign affairs function[s] of the United States"). Because DoD is not required to consider comments before publication of the 1260H List, Hesai cannot supplement the administrative record with what it would have submitted as a comment were it to have had the opportunity to do so.

Nor are the letter and declaration the company wishes to add to the record "background information" necessary to determine whether DoD considered all relevant factors. See City of Dania Beach v. FAA, 628 F.3d at 590; see also Mot. at ECF 15. While the documents provide information describing Hesai's technology and legal arguments against DoD's decision, see Mot. Ex. 1, the Court agrees with the government that the portions describing Hesai's relationship with China are closer to "outright denial[s] of wrongdoing" than to background information. Opp. at 13. The Court concludes that Hesai has failed to demonstrate any reason to supplement the administrative record in this case.

For the foregoing reasons, the Plaintiffs' Motion to Complete or, in the Alternative, Supplement the Administrative Record [Dkt. No. 16] is hereby DENIED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:    August 5, 2024