UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HESAI TECHNOLOGY CO., LTD, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, *et al.* <br><br> *Defendants*. | Civ. Action No. 1:24-cv-01381-PLF |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO POSTPONE SUMMARY JUDGMENT HEARING**

Plaintiffs oppose delaying the Court's hearing, scheduled three months ago, on their fully briefed and ripe challenge to Defendants' unlawful listing decision.

In January 2024, Defendants designated Hesai Technology Co., Ltd. and its wholly owned American subsidiary, Hesai Inc. (collectively, "Hesai"), as a "Chinese military company" under Section 1260H of the 2021 National Defense Authorization Act.  Hesai reached out to Defendants to seek the basis for the decision, to explain that the listing was erroneous, and to cooperate in good faith to correct the mistake.  But over several months, Defendants failed to provide any meaningful response or to reconsider their decision, forcing Hesai to file this lawsuit in May 2024.  Now, after the parties have fully briefed cross-motions for summary judgment according to the agreed-to schedule that this Court set in June, Defendants seek an eleventh-hour postponement of next week's hearing, based on a vague representation that the Department expects to issue a "new decision" in October.  Mot. 2.  Hesai—which continues to suffer tremendous harms *every day* that it remains on the 1260H List—opposes that unfair and unexplained disruption of these proceedings.

1

In an apparent concession that the final decision on review is legally indefensible, Defendants state that they are "working to have" a new one soon. Mot. 2. Throughout this litigation, however, Defendants have insisted that their January 2024 decision is the only legally relevant agency action before the Court. *E.g.*, Dkt. 19, at 2, 12-13; Dkt. 23, at 23-24. According to Defendants, any subsequent decision as to Hesai's placement on the Section 1260H List would constitute a "separate agency action," and Hesai "may challenge th[at] distinct final agency action" separately in "hypothetical future proceedings." Dkt. 19, at 12-13. Thus, based on Defendants' own arguments, any "new" rationale would not render "inoperative" (Mot. 2) the final action Plaintiffs have properly challenged, and Plaintiffs are entitled to a ruling on its legality. *See Department of Homeland Security v. Regents of Univ. of Cal.*, 591 U.S. 1, 23 (2020) ("An agency must defend its actions based on the reasons it gave when it acted."). Otherwise, Defendants could "forc[e] both litigants and courts to chase a moving target," *id.*—exacerbating the arbitrariness and due-process concerns already presented by Defendants' *ad hoc* decisionmaking and by their refusal to provide any pre-listing notice or post-listing opportunity to contest the designation.

The timing of Defendants' last-minute request is particularly unfair. The parties agreed to a joint schedule three months ago; briefing on Hesai's motion for summary judgment has been complete for weeks; and counsel has begun to prepare for argument. Defendants offer no explanation for why this request comes now, barely more than a week before the hearing. And although Defendants purport to seek a 21-day postponement (for now), they hint that the delay may be far longer. Because their new decision threatens to "supersede[]" the existing briefing, Mot. 2, Defendants imply that the parties and Court may soon have to go back to square one. It

is difficult to understand how that approach "will conserve the resources of the Court and the parties." *Id.*

Finally, Hesai would be severely prejudiced by additional delay. As Hesai set forth in its Complaint, the January 2024 designation has caused "immediate, severe, and ongoing harms," including "sustained and damaging press attention," undue scrutiny from politically motivated actors, and the loss of business opportunities. Dkt. 1 ¶¶ 84-91. Hesai has had to publicly refute Defendants' baseless justification for Hesai's wrongful designation as a Chinese military company. Unless and until Hesai is removed from the 1260H List, Hesai deserves a prompt judicial determination regarding the lawfulness of the final agency action that continues to cause such significant injuries.

Public reporting suggests that "US government lawyers [are] concerned that the rationale for [Hesai's] inclusion [on the 1260H List] would not hold up to legal scrutiny." Dkt. 27, at 1 n.1. If so, Defendants should remove Hesai from the 1260H List promptly, which would actually "obviat[e]" (Mot. 2) the need for further proceedings. But until that day, the Court should proceed as planned, hold the hearing as long-ago scheduled, and order vacatur as the Administrative Procedure Act requires.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s James E. Tysse |
| Dated:  September 16, 2024 | James E. Tysse |
|  |   D.C. Bar No. 978722 |
|  | Caroline L. Wolverton |
|  |   D.C. Bar No. 496433 |
|  | Lide E. Paterno |
|  |   D.C. Bar No. 166601 |
|  | AKIN GUMP STRAUSS HAUER & FELD LLP |
|  | 2001 K Street, N.W. |
|  | Washington, D.C. 20006 |
|  | Telephone: (202) 887-4000 |
|  | Facsimile:  (202) 887-4288 |
|  | jtysse@akingump.com |
|  |  |
|  | Zach ZhenHe Tan |
|  |   *Admitted Pro Hac Vice* |
|  | AKIN GUMP STRAUSS HAUER & FELD LLP |
|  | 100 Pine Street, Suite 3200 |
|  | San Francisco, CA 94111 |
|  | Telephone: (415) 765-9500 |
|  | Facsimile:  (415) 765-9501 |
|  |  |
|  | *Counsel to Plaintiffs Hesai Technology Co., Ltd. and Hesai Inc.* |