UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HESAI TECHNOLOGY CO., LTD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 24-1381 (PLF) |
| ) | |
| U.S. DEPARTMENT OF DEFENSE, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

The Court has scheduled oral argument to address the parties' cross-motions for summary judgment on March 20, 2025 at 1:30 p.m. in Courtroom 29 in the William B. Bryant Annex to the E. Barrett Prettyman Courthouse at 333 Constitution Avenue N.W., Washington, D.C. 20001. In preparation for the argument, it is hereby

ORDERED that counsel shall be prepared to discuss the following:

1. The parties discuss Judge Contreras's opinions in Luokung Tech. Corp. v. Dep't of Def., 538 F. Supp. 3d 174 (D.D.C. 2021), and Xiaomi Corp. v. Dep't of Def., Civil Action No. 21-280 (RC), 2021 WL 950144 (D.D.C. Mar. 12, 2021), at length in their written submissions. In those opinions, Judge Contreras was addressing the Department of Defense's ("DoD") broad interpretation of a different statute, which defines "Communist Chinese military company," expressing his concern that it "would potentially encompass all Chinese government contractors, even those that . . . produce products with no direct military applications." Luokung Tech. Corp. v. Dep't of Def., 538 F. Supp. 3d at 187. The statute involved in this case may be read to allow the designation of entities producing products with no direct military application as

"Chinese military companies," and thus the concern expressed by Judge Contreras may or may not be relevant to the Court's interpretation of the statute. See Section 1260H(d)(1) of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, § 1260H, 134 Stat. 3388, 3965-66 (2021). The parties therefore should be prepared to discuss the following questions: (1) does the definition of "Chinese military company" in Section 1260H(d)(1) require the DoD to make a finding that an entity contributes to the Chinese defense industrial base in more than a de minimis or incidental way; (2) is such a finding by the DoD required under Section 1260H(d)(1)(B)(i)(II), which provides that an entity is a "Chinese military company" if, inter alia, it is "identified as a military-civil fusion contributor to the Chinese defense industrial base," see Section 1260H(d)(1)(B)(i)(II) (emphasis added); and (3) if not, does any other provision in the statute require such a finding?

  2. The DoD maintains that an entity can contribute "to the Chinese defense industrial base" for purposes of Section 1260H(d)(1)(B)(i)(II) if it produces "dual-use" products – that is, products that have both military and non-military application. See Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment [Dkt. No. 46] at 33-34. Given that many products have military and non-military application, what is the impact of this interpretation on the obligations of the DoD in designating entities as "Chinese military companies"?

  3. The DoD's new decision relies on four separate subparts of Section 1260H(d)(2) – subparts (A), (B), (E), and (G) – in finding that Hesai is a "military-civil fusion contributor." Is it necessary that the DoD's findings made in connection with each of these subparts be supported by substantial evidence? Or is it sufficient for the Court to find that the DoD has met its burden with respect to any one of the subparts?

2

      4. In the context of the parties' arguments surrounding procedural due process, how should the Court balance the factors outlined in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), when determining the appropriate process Hesai is owed? Was Hesai entitled to notice and an opportunity to be heard before the DoD's designation of Hesai as a "Chinese military company"? The parties should also specifically address the D.C. Circuit's opinion in People's Mojahedin Org. of Iran v. U.S. Dep't of State, 613 F.3d 220 (D.C. Cir. 2010).

      IT IS FURTHER ORDERED that in view of the foregoing, the parties are directed to meet and confer regarding the order of argument and proposed time limits for argument. The parties shall file a joint report advising the Court of their proposed hearing schedule on or before March 19, 2025.

      SO ORDERED.

*/s/ Paul L. Friedman*
PAUL L. FRIEDMAN
United States District Judge

DATE: 3/18/25

3